UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

        Petitioner,                    Case Number: 2:18-CV-12846

v.                                        HON. DENISE PAGE HOOD

JOHN CHRISTIANSEN,

        Respondent.
_____/

## OPINION AND ORDER SEVERING CIVIL RIGHTS CLAIMS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

**I.    Introduction**

Michigan prisoner Deon Coleman ("Petitioner") has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. In his habeas application, Petitioner raises claims concerning the revocation of his parole. He also alleges various constitutional violations related to the religious (Halal) meals served at the Detroit Reentry Center. Petitioner also filed a motion to amend the petition and Respondent filed a motion to quash subpoenas.

For the reasons set forth herein, the Court grants Petitioner's motion to amend, severs and dismisses without prejudice Petitioner's civil rights claim, dismisses without prejudice the remaining claims for failure to fully exhaust state

court remedies, and denies as moot Respondent's motion to quash subpoenas. The Court also denies a certificate of appealability.

## II. Analysis

### A. Severance

Among the claims raised in the petition, are several related to Petitioner's Halal meals. Petitioner states that his meals must be microwaved when they arrive at the Detroit Reentry Center because they arrive frozen. He argues that this contaminates the food as the microwave is used for non-Halal foods. He alleges the failure to provide him with appropriately served Halal meals violates the Religious Land Use and Institutionalized Person Act, the Ex Post Facto Clause, and the First Amendment. These claims concern the conditions of Petitioner's confinement, not the legality of his state criminal proceedings or the fact of his confinement. They are therefore properly deemed civil rights claims, not habeas. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack upon the legality of custody and the traditional function of the writ is to secure release from illegal custody); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (habeas relief is not available to prisoners who are complaining of mistreatment during incarceration). Accordingly, the Court severs Petitioner's claims concerning the meal service and dismisses these

claims without prejudice. *See, e.g., Jones v. Booker*, No. 07-CV10784, 2007 WL 2780755, *2 (E.D. Mich. Sept. 24, 2007) (severing civil rights claims from habeas action). Should Petitioner wish to pursue these claims in federal court, his proper recourse is to file a civil rights action pursuant to 42 U.S.C. § 1983. The Court makes no determination as to the procedural or substantive merits of any such action.

### B. Habeas Petition

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations which are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking this review, the Court concludes that the habeas petition must be dismissed and that a certificate of

appealability and leave to proceed in forma pauperis on appeal must be denied.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust all available remedies in state court. 28 U.S.C. § 2254(b). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004). Exhaustion also requires that the petitioner invoke "one full round" of the state's appellate review process. *O'Sullivan*, 526 U.S. at 845.

In Michigan, a state prisoner may seek review of a parole revocation decision by filing a state complaint for the writ of habeas corpus. *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779 (1985), citing *In re Casella*, 313 Mich. 393 (1946). A circuit court's order denying a complaint for writ of habeas corpus is not appealable as of right, but a prisoner may renew his or her claims by filing an original complaint in the Michigan Court of Appeals. *Id.* at 780, *citing Parshay v. Warden of Marquette Prison*, 30 Mich. App. 556, 558 (1971)). A prisoner who is unsuccessful in the Michigan Court of Appeals may apply for leave to appeal in

the Michigan Supreme Court. *See* M. Ct. R. 7.303(B)(1).

Petitioner did not challenge his parole revocation in state court. *See* Pet. at 6-11. Because Petitioner has an available state remedy to exhaust and has failed to exhaust that remedy, the petition must be dismissed.

## III. Order

The Court **SEVERS AND DISMISSES WITHOUT PREJUDICE** Petitioner's claims challenging the conditions of his confinement.

The Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the

Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner's Motion to Amend (Dkt. # 5), **DENIES AS MOOT** Petitioner's Request to Hold Proceedings in Abeyance (Dkt. #4), **DENIES AS MOOT** Petitioner's Request for Oral Hearing (Dkt. #6), **DENIES AS MOOT** Respondent's Motion to Quash Subpoenas (Dkt. #9), and **DENIES AS MOOT** Petitioner's Motion to Use All Exhibits with each Motion and Audit (Dkt. #12).

**SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: December 11, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 11, 2018, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager