UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

        Petitioner,                  Case Number: 18-12846

v.                                        HON. DENISE PAGE HOOD

JOHN CHRISTIANSEN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (ECF No. 18)

On December 11, 2018, the Court dismissed without prejudice Michigan prisoner Deon Coleman's *pro se* petition for writ of habeas corpus. *See* 12/11/2018 Op. & Ord. (ECF No. 14). In addition to challenging his parole revocation, Petitioner also raised claims concerning religious (Halal) meals served at the Detroit Reentry Center. The Court severed and dismissed without prejudice Petitioner's food-related claims because they were not properly raised in a habeas corpus petition. *See id.* Now before the Court is Petitioner's "Motion for Reconsideration or Rehearing" seeking relief from the Court's order dismissing the petition.

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must

demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Petitioner fails to identify a "palpable defect" by which the Court was misled. Instead, Petitioner simply asserts the same arguments raised in his petition and disagrees with the Court's dismissal order. Disagreement with a decision fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).

Accordingly, the motion is DENIED.

SO ORDERED.

s/Denise Page Hood  
DENISE PAGE HOOD  
CHIEF UNITED STATES DISTRICT JUDGE

Dated: August 15, 2019